Hon. David M. Garber Corporation Counsel, Syracuse
This is in response to the letter of Gerald P. Berkery, Assistant Corporation Counsel, requesting an opinion of the Attorney General as to whether the City of Syracuse is in violation of the State Building Construction Code when the City of Syracuse's Building Code has a conduit requirement concerning electrical wiring in exposed areas, where said requirement is more restrictive than the generally accepted standard permissible under the State Building Construction Code. In the request Mr. Berkery states that since 1912 the City of Syracuse has had a conduit requirement concerning the electrical wiring in exposed areas. In 1959 the City of Syracuse adopted the State Building Construction Code's minimum standards for new construction as an alternative code. Since 1959 builders in the City of Syracuse have been given the option of building under the State Building Construction Code or the 1930 City of Syracuse Building Code.
Article 18 of the Executive Law of the State of New York contains the State Building Code which created and established the State Building Code Council.
Pursuant to Article 18, each municipality in the State is given the option of accepting the applicability of the State Building Construction Code and upon acceptance the Code becomes effective. A procedure is also provided by which any such municipality may withdraw from the applicability of the Code (Executive Law, § 374-a).
Executive Law, § 386, deals with local building regulations. Executive Law, § 386 (1), provides:
 "1. Nothing in this article shall be construed as prohibiting any municipality from adopting or enacting any building regulations relating to any building within its limits, but no municipality in which the state building construction code has been accepted and is applicable shall have the power to supersede, void, or repeal or make more restrictive any of the provisions of this article or of the rules and regulations adopted by the council hereunder."
The "regulations adopted by the council" contain the State Building Construction Code. The State Building Construction Code contains sections on various topics, including One-and-Two-Family Dwellings, Multiple Dwellings and General Building Construction. These sections each contain identical language concerning the acceptability of performance under the State Building Construction Code.
The One-and-Two-Family Dwellings section, for example, 9 NYCRR 602.2 (a), concerning the acceptability of performance, provides:
 "a-Compliance with applicable provisions of generally accepted standards, except as otherwise prescribed in this Code, shall constitute compliance with this Code."
The list of the applicable generally accepted standards referred to in the acceptability provisions of the State Building Construction Code is published by the Division of Housing and Community Renewal. The current list dated May 1, 1977 lists the National Electrical Code, C1-1975 (NFPA No. 70-1975) as the generally accepted standard governing the wiring in new construction covered by the City of Syracuse's conduit requirement. The National Electrical Code allows other alternative wiring methods to be used by builders in addition to the City of Syracuse's conduit method. It is therefore less restrictive than the City of Syracuse's standard.
Executive Law, § 386(1), referred to heretofore, does not bar a municipality, which has adopted the State Building Construction Code, from also having a local building code with provisions more restrictive than those in the State Code. However, pursuant to Executive Law, § 386(1), the municipality would be prevented from changing the provisions of the State Code.
A municipality which has adopted the State Building Construction Code and also has a local code, must give builders the option of selecting which code they wish to comply with (1955 Opns Atty Gen 261).
Executive Law, § 374(1), authorizes the State Building Code Council to prepare and adopt the State Building Construction Code which:
 "* * * shall for the buildings to which it is applicable, notwithstanding any provisions of law to the contrary, be acceptable as complete lawful alternatives to the requirements specified for such buildings in any building regulations heretofore or hereafter adopted or enacted."
Executive Law, § 380(1), provides:
 "1. In cases where the plans and specifications accompanying an application for permission for the construction of a building, fail to comply with the provisions of building regulations applicable to a particular city, town or village, the state or municipal official charged with the duty shall nevertheless issue a permit, license, certificate, authorization or other required document, as the case may be, for such construction, if said plans and specifications comply with the applicable provisions set forth in the state building construction code, whenever such code is operative in such municipality."
Executive Law, § 374(1), states that the State Building Construction Code, where adopted, is a lawful alternative to any inconsistent local code. Executive Law, § 380(1), requires a State or local official to issue a permit, etc., for building construction plans failing to comply with local code restrictions, where the State Building Construction Code is operative in the municipality and said plans comply with the State Code. It is, therefore, clear that the State Code, where adopted, must be provided as an option to builders where a municipality also has a local code.
In light of the foregoing, we accordingly conclude that a municipality which has adopted the State Building Construction Code may also have a local code with provisions more restrictive than the State Code, provided that builders are given the option of complying with the State Code or the local code, pursuant to Executive Law, §§ 374 and 380.